# In the United States Court of Federal Claims

No. 17-1100C
(Filed: October 28, 2019)

* * * * * * * * * * * * * * * * *

EDGAR A. TERRY,

    *Plaintiff,*

v.

THE UNITED STATES,

    *Defendant.*

* * * * * * * * * * * * * * * * *

Military pay; Failure to promote; Wrongful discharge; ABCMR; Reconsideration.

## ORDER

On July 31, 2019, we issued an Opinion and Order, granting plaintiff's motion for judgment on the administrative record in part and remanding the case to the Army Board for Correction of Military Records. On July 28, 2019, plaintiff filed a motion for reconsideration concerning two of the grounds on which we did not order relief. We ordered defendant to respond, which it has done. Because plaintiff has not shown a change in the law, new evidence, or a clear error of law or fact that would result in a manifest injustice, we deny the motion.

A. Failure to Promote

We held for plaintiff on the issue of the Army's failure to promote plaintiff, finding that the neither the Army nor the Army Board for Correction of Military Records ("ABCMR") had explained why plaintiff's education waiver had expired. *Terry v. United States*, 144 Fed. Cl. 150, 158 (2019). Plaintiff raised a separate issue concerning the procedural appropriateness of the letter of reprimand that was present in his personnel file reviewed by the promotion boards. If the reprimand was procedurally deficient and thus not properly part of his file, that error would constitute a separate basis upon which relief could be ordered.

Plaintiff argued to the ABCMR and the court, and now argues again, that he was not provided with some of the supporting information to the reprimand as required by Army regulations because they were not also present in his personnel file.  The board, however, held that plaintiff's signature on the third enclosure indicated that he had received the reprimand and supporting documentation (first two enclosures).  We upheld this finding as neither arbitrary nor capricious.  *Id.* at 157.  Although plaintiff's argument on the point is more fulsome in his motion for reconsideration, it amounts to speculation, asking the court to read into the record presumptions of irregularity and to reweigh the evidence already considered by the board.   We decline to do so.

As we stated in our July opinion, we recognize the difficulty that plaintiff faces in attempting to disprove receipt of something he argues he did not receive, but we cannot reweigh the evidence for the board.  The ABCMR considered the issue, found that plaintiff's signature confirming receipt of the reprimand and documentation to be sufficient indication that plaintiff received the required documents.  We cannot and will not second guess that conclusion now.

B.  Wrongful Discharge

We held against plaintiff on the issue of wrongful discharge, finding neither a legal requirement that the Army retain plaintiff for further treatment nor the factual predicate that he was not medically fit to demobilize and discharge.  *Id.* at 159.  The ABCMR considered the evidence and found it unavailing for plaintiff. We found no irrationality in that conclusion.  *Id.*  Plaintiff now argues that the record is in error, particularly that the meeting with an Army doctor on December 23, 2014, at which he was cleared to demobilize, did not in fact take place.  Plaintiff avers that he was demobilized on December 17, 2014, and traveled to California on that same day, making it a factual impossibility that he was seen by Dr. Srey in Texas six days later.  Plaintiff thus alleges that Dr. Srey signed off on his release without having fully evaluated him and that, in any event, the record of his medical clearance is unreliable and should not have been relied on by the board or the court.

Plaintiff also argues that the Army erred in failing to process his medical retention evaluation orders.  Had the Army done so, plaintiff argues that he would have received an evaluation that may have resulted in

2

an extension of his mandatory release date to allow for treatment of his bunions should that have been found to be warranted.

Defendant answers that plaintiff is again asking the court to reweigh the evidence for the ABCMR, which is not a proper basis for reconsideration. Defendant also avers that plaintiff's medical retention orders were not processed because the Army had already completed the medical evaluation of plaintiff before discharge, pointing to the December 2014 and February 2015 evaluations. We agree with defendant on both points.

Although there is a discrepancy with the date of plaintiff's December 2014 medical evaluation, we do not believe that the issue of the precise timing of Dr. Srey's conclusion undercuts the merits of it. Plaintiff was demobilized prior to December 23, 2014, making it unlikely that he was seen by Dr. Srey in Texas on that date. It is clear from the medical record, however, that plaintiff was examined by Dr. Srey on November 25, 2014, and that on December 23, 2014, Dr. Srey recorded his conclusion that "[p]atient is clear to demobilize." AR 13.d. Surgical options were discussed but not mandated by Dr. Srey. Instead a "[r]eturn to the podiatry clinic in 2-3 months for follow up care" is all that was indicated in his record. *Id.* Likely, on December 23, the doctor was recording his impressions in the electronic recording system from the earlier November visit. Whether Dr. Srey actually saw plaintiff on that date is immaterial to his ultimate conclusion that plaintiff was medically cleared.[1]

When seen in California on February 18, 2019, the treating physician there recorded that plaintiff's bunions were "relatively minor" and would "probably be made worse with surgery." AR 13.g. The doctor further noted that such a surgery would be "largely cosmetic in nature" and might even "lead to decreased function." *Id.* "It is hard to imagine why he

---

[1] We are unconvinced that the record of the date casts a shadow on the conclusions of the treating doctor. The record reveals that the doctor reviewed plaintiff's medical history, plaintiff's own report of his symptoms, and x-rays taken of his feet. Further, the fact that this medical record states that plaintiff was a reservist from Alabama, rather than California, does not cause us to doubt its reliability. The record from the doctor's visit in February 2015 notes that plaintiff resided in California but was originally from Alabama. AR 13.g.

3

would need cosmetic surgery on this.  But, if he wants surgery, I'm sure he can get surgery from somewhere." *Id.*

      The record is clear that, despite plaintiff's insistence otherwise, the two physicians that evaluated plaintiff contemporaneous with his demobilization and discharge found that surgery was unnecessary and believed that he was medically clear to demobilize. The board relied on these statements and found against plaintiff on his claim that he should have been retained in service for medical treatment. As at the time of our opinion, we have no basis on which to question this conclusion.  It was neither arbitrary, capricious, nor contrary to law.  Because plaintiff has not established grounds for reconsideration, the motion is denied.

                      <u>Eric G. Bruggink</u>
                      ERIC G. BRUGGINK
                      Senior Judge