# In the United States Court of Federal Claims

Nos. 17-1100C & 21-1107C (consolidated)
(Filed: May 25, 2021)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

EDGAR A. TERRY,

    *Plaintiff,*

v.

THE UNITED STATES,

    *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

In order to prevent confusion regarding the judgment to be entered by our prior order (ECF No. 87), that order is hereby vacated. The following is substituted in its place.

The amended complaint, filed in 2018, alleged two counts: failure to promote and wrongful discharge. After filing of the administrative record and cross-motions for judgment on it, we held for defendant on the issue of wrongful discharge but remanded the issue of Mr. Terry's promotion back to the Army. 144 Fed. Cl. 150 (2019). Ultimately, the Secretary of the Army ordered that a Special Selection Board ("SSB") be convened to correct plaintiff's records.

On April 15, 2021, defendant filed a status report and attached a notice from Mr. Terry's SSB, which indicate that plaintiff's record was corrected and that he was selected for promotion. Defendant thus asked the court to enter judgment as the action was now moot. Plaintiff responded by moving for a limited stay to "finalize the coordination for his promotion" with his current National Guard unit. (ECF No. 81). We granted that motion. Plaintiff filed a status report on May 15, 2021, indicating that Mr. Terry had established contact with the Missouri Army National Guard Headquarters but that he had been given no timeline for the completion of a promotion by that unit. That same day, plaintiff's counsel moved to

withdraw his representation of Mr. Terry. Plaintiff also asked for an additional 14-day stay to allow him to retain new counsel.

Because the only claim that remains pending has been mooted by the Army's decision to promote Mr. Terry, there is no reason to delay the entry of judgment further. The Missouri Army National Guard's subsequent handling of plaintiff's promotion by the Army is not before the court. Accordingly, the following is ordered:

1. The Clerk of Court is directed to dismiss Count 1 of the amended complaint as moot pursuant to RCFC 12(b)(1) and to enter judgment accordingly on that claim.

2. Having denied plaintiff's Rule 52.1 motion for judgment on the administrative record and granted the government's motion on the issue, the Clerk of Court is directed to enter judgment for defendant on Count 2.

3. The Clerk of Court is directed to enter judgment for defendant in the consolidated case (No. 21-1107C).

4. Plaintiff's motion to withdraw as counsel (ECF No. 86) is denied as moot.

<u>Eric G. Bruggink</u>
ERIC G. BRUGGINK
Senior Judge